UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PABLO MORENO GONZALEZ and FELIPE AGUSTIN ZAMACONA, <br><br> Petitioners, <br><br> v. <br><br> SAMUEL OLSON, Interim Chicago Field Office Director, Chicago Field Office, Immigration and Customs Enforcement, in his official capacity; KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity, *et al.*, <br><br> Respondents. | No. 25 C 13485 <br><br> Judge Sara L. Ellis |

## ORDER

The Court grants Petitioners' petition for writ of habeas corpus [1]. The Court orders Petitioners' immediate release. The Court further orders that should Respondents decide to provide Petitioners with bond hearings, Respondents bear the burden to show by clear and convincing evidence that Petitioners pose a danger to the community or pose a risk of flight such that detention is necessary. The Court enjoins Respondents from denying Petitioners bond on the basis that 8 U.S.C. § 1225(b)(2) applies to them. See Statement.

## STATEMENT

Petitioners Pablo Morena Gonzalez and Felipe Agustin Zamacona are Mexican citizens who together filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 4, 2025, following their arrests and detention by immigration officials in Chicago, Illinois on October 29, 2025 and October 30, 2025, respectively. Respondents have taken the position that Petitioners are both subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) pursuant to a recently adopted Department of Homeland Security ("DHS") policy, issued on July 8, 2025, which instructs immigration officials to consider anyone inadmissible under § 1182(a)(6)(A)(i) as "applicants for admission." Petitioners claim that they instead are entitled to bond hearings pursuant to 8 U.S.C. § 1226(a) and that application of § 1225(b)(2)(A) to either of them constitutes unlawful detention, violates the Immigration and Nationality Act ("INA"), and that Respondents have deprived them of due process by failing to provide them each with a bond redetermination hearing. Petitioners ask the Court to issue a writ declaring Respondents' detention of them under 8 U.S.C. § 1225(b)(2)(A) unlawful and ordering

Respondents to release them or, in the alternative, provide them with bond hearings within fourteen days.

Gonzalez entered the United States without inspection approximately 32 years ago and has resided here ever since. He resides in Chicago, Illinois, with his wife and two of his children, both of whom are U.S. citizens. On October 29, 2025, immigration officials arrested Gonzalez while he was walking in Chicago, Illinois.

Zamacoma arrived in the United States in 1994 without inspection when he was a child and has resided in the United States for more than 30 years. He lives near several close family members and sees them often. He graduated from William H. Wells Community Academy High School and St. Augustine College and currently works as a delivery driver. On October 30, 2025, immigration officials arrested Zamacona in Wheeling, Illinois while he was working.

Immigration officials initially detained both Petitioners in the Broadview Detention Center ("Broadview"). On October 30, 2025, Petitioners filed a class action complaint alleging that the Department of Homeland Security ("DHS") subjects immigration detainees to inhumane conditions at the Broadview. Complaint, *Moreno Gonzalez, et al. v. Kristi Noem, et al.*, No. 25-cv-13323 (N.D. Ill. October 30, 2025), Doc. 1. On November 5, 2025, Judge Gettleman entered a temporary restraining order "to address the serious conditions demonstrated to exist at" Broadview. Temporary Restraining Order at 2, *Moreno Gonzalez*, No. 25-cv-13323, Doc. 49.

At the time of this petition, Petitioners were located at the Metropolitan Correctional Center in Chicago, Illinois. On November 4, 2025, the Court ordered that Respondents not remove Petitioners from the jurisdiction of the United States and not transfer them to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651. Doc. 3. The Court held a hearing with the parties on November 7 and orally ordered the immediate release of Petitioners. The Court briefly sets forth its reasoning here.

First, the Court finds that it has jurisdiction over Petitioners' habeas claims because they challenge the lawfulness of their current detention, not the underlying merits of their immigration status or their arrests. None of the jurisdiction-stripping provisions of § 1252 apply to this case where Petitioners only challenge their allegedly unlawful detentions without bond hearings and not other immigration decisions. *See Loza Valencia v. Noem*, No. 25 C 12829, 2025 WL 3042520, at *1–2 (N.D. Ill. Oct. 31, 2025) (rejecting Respondents' arguments that § 1252(a)(2)(B)(ii), § 1252(b)(9), or § 1252(g) prevent a district court's ability to consider habeas petitions for detention hearings); *H.G.V.U. v. Smith*, No. 25 CV 10931, 2025 WL 2962610, at *2–3 (N.D. Ill. Oct. 20, 2025) (same); *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779, at *2–4 (N.D. Ill. Oct. 16, 2025) (same). The Supreme Court has not precluded the Court's review of this decision. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (Section 1252(b)(9) "does not present a jurisdictional bar" where petitioners "are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined"); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) (Section 1252(a)(2)(B)(ii) did not apply to a challenge to the "extent of the Attorney General's

authority under the post-removal-period detention statute," which "is not a matter of discretion"); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (Section 1252(g) "applies only to three discrete actions that the Attorney General may take: her decision or action to *commence* proceedings, *adjudicate* cases, or *execute* removal orders" (internal quotation marks omitted)).

Next, while Respondents may argue that Petitioners have not exhausted available administrative remedies, no statutory requirement for exhaustion exists. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004); *H.G.V.U.*, 2025 WL 2962610, at *3–4. Instead, "sound judicial discretion governs" whether exhaustion should be required. *Gonzalez*, 355 F.3d at 1016. The Court may excuse exhaustion where, among other things, "appealing through the administrative process would be futile because the agency is biased or has predetermined the issue." *Id.* (quoting *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002). Here, requiring Petitioners to first seek bond hearings before an immigration judge and then appeal the decisions of the immigration judge before the BIA would be futile given that Respondents maintain that Petitioners are subject to mandatory detention pursuant to § 1225(b)(2) and the BIA has taken the position in *Matter of Yajure Hurtado* that, under § 1225(b)(2), immigration courts "lack authority to hear bond requests or to grant bond to [noncitizens] who are present in the United States without admission." 29 I&N Dec. 216, 225 (BIA 2025).

This brings the Court to Petitioners' argument that their detention is governed by § 1226, which provides for discretionary detention of non-citizens "already present in the United States" pending the outcome of their removal proceedings, *Jennings*, 583 U.S. at 303, as opposed to § 1225, which requires mandatory detention for those "seeking admission" into the United States, 8 U.S.C. § 1225(b)(2)(A). Those non-citizens already present in the United States may obtain a bond hearing before an immigration judge, at which the non-citizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019). Respondents have recently adopted the position that § 1225(b)(2)(A) applies to all noncitizens present in the United States without admission, even those who have been present in the United States for some time, a position adopted by the BIA in *Matter of Yajure Hurtado*. But, as the overwhelming majority of courts to consider this issue across the country have concluded, this interpretation "(1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Alejandro v. Olson*, No. 1:25-cv-02027, 2025 WL 2896348, at *6 (S.D. Ind. Oct. 11, 2025) (collecting cases); *see also Loza Valencia*, 2025 WL 3042520, at *2–3; *H.G.V.U.*, 2025 WL 2962610, at *4–6; *Ochoa Ochoa*, 2025 WL 2938779, at *5–7 & n.8. The Court joins this majority and adopts their reasoning, concluding that § 1225(b)(2)(A) does not apply to non-citizens who are already present in the country, such as Petitioners. Given this, the Court finds that Petitioners are not lawfully detained pursuant to § 1225(b). Instead, § 1226(a) applies to their detention, under which they are entitled to bond hearings before an immigration judge.

The Court also finds that Petitioners' detention violates due process. The Due Process Clause applies to non-citizens, regardless of whether "their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. Because § 1226(a) applies to Petitioners'

3

detention, they are entitled to the process outlined in that statute, in other words, an individualized bond hearing before an immigration judge. *See Salazar v. Dedos*, No. 1:25-cv-00835, 2025 WL 2676729, at *5 (D.N.M. Sept. 17, 2025). As other courts have found, Petitioners' continuing detention without such bond hearings amounts to a due process violation. *Loza Valencia*, 2025 WL 3042520, at *3; *H.G.V.U.*, 2025 WL 2962610, at *6 (applying balancing factors laid out in *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976), to similar situation to find a violation of due process); *Ochoa Ochoa*, 2025 WL 2938779, at *7 (collecting cases); *Salazar*, 2025 WL 2676729, at *5.

Therefore, the Court finds it appropriate to grant Petitioners' habeas petition. The Court orders Respondents to immediately release Petitioners from custody. If Respondents decide to provide them with bond hearings pursuant to § 1226(a), Respondents will have to show by clear and convincing evidence that Petitioners each pose a danger to the community or pose a risk of flight such that detention is necessary. *See Salazar*, 2025 WL 2676729, at *8–9 (analyzing when to shift the burden of proof to the government to justify detention and finding it appropriate to do so to remedy the deprivation of petitioner's due process rights in a similar situation); *see also Ochoa v. Ochoa*, 2025 WL 2938779, at *8 (collecting cases). The Court also enjoins Respondents from denying Petitioners' bond on the basis that 8 U.S.C. § 1225(b)(2) applies to them.

Because Petitioners were in federal custody pursuant only to immigration enforcement under Title 8, this Order granting their habeas petition moots the portion of Judge Gettleman's order that Petitioners should be detained at the Metropolitan Correctional Center entered in *Moreno Gonzalez, et al. v. Kristi Noem, et al.*, No. 25-cv-13323, Doc. 45.

Date: November 7, 2025         /s/  Sara L. Ellis